UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHNNY LONG,

    Plaintiff,

v.                              CASE NO:  8:05-cv-613-T-30TBM

MORTON PLANT HOSPITAL
ASSOCIATION, INC.

    Defendant.
_____/

## **ORDER**

**THIS CAUSE** comes before the Court upon Defendant's Motion to Dismiss the Complaint (Dkt. #5), Plaintiff's Memorandum in Opposition (Dkt. #6), and Plaintiff's Notice of Exhibit (Dkt. #7).  In its Motion to Dismiss, Defendant's complaint essentially argues that Plaintiff's Complaint should be dismissed because he lacks standing to bring the claim.[1]  The Court, having considered the motion and response, and being otherwise fully advised, finds that the Motion should be denied.

The appropriate standard for deciding to dismiss a complaint is whether it appears beyond a reasonable doubt that the Plaintiff can prove no set of facts to support his claim.

---

[1] Defendant also asserts that the Complaint fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6).  However, other than this general proposition, Defendant does not provide an analysis of how Plaintiff has failed to state a claim.  Therefore, the Court does not consider this assertion.

Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The Court must view the complaint in the light most favorable to the Plaintiff and construe the allegations in the complaint as true. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). The threshold is "exceedingly low" for a complaint to survive a motion to dismiss. Ancata v. Prison Health Services, Inc., 769 F.2d 700, 703 (11th Cir. 1985). When evaluating a plaintiff's allegations of standing in the context of a motion to dismiss, the court must not "speculate concerning the existence of standing or piece together support for the plaintiff." Cone Corp. v. Florida Dept. Of Transp., 921 F.2d 1190, 1210 (11th Cir. 1991) (citation omitted).

To demonstrate that he has standing in a federal court a Plaintiff must show (1) that he has suffered an injury in fact that is concrete and particularized and actual and imminent; (2) the injury is fairly traceable to the challenged activity of the Defendant; and (3) it is likely that the injury will be redressed by a favorable decision. Lujan v. Defenders of Wildlife, 504 U.S. 555 (1992). Additionally, in cases in which the relief sought is injunctive, Plaintiff must allege "a real and immediate-as opposed to a merely conjectural or hypothetical-threat of future injury." Wooden v. Board of Regents of University System of Georgia, 247 F.3d 1262, 1284 (11th Cir. 2001). This may be accomplished by demonstrating a "continuing connection" to the subject property. Rodriguez v. Investco, L.L.C., 305 F.Supp.2d 1278, 1284-85 (M.D.Fla.2004).

Applying this test to Plaintiff's complaint, this Court finds that it meets the above requirements. First, Plaintiff alleges an injury-in-fact in his claim that he has "attempted to and has, to the extent possible, accessed the Facility." Plaintiff also indicates that among

those barriers to his access were a parking garage with ceilings too low for high-top, wheelchair accessible vans and examination rooms in which the restrooms and beds were not wheelchair accessible. Contrary to Defendant's assertions, failure to provide greater detail of Plaintiff's access to the facility is not fatal in a motion to dismiss. "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we 'presum[e] that general allegations embrace those specific facts that are necessary to support the claim.'" Defenders of Wildlife, 504 U.S. at 561 (quoting Lujan v. National Wildlife Federation, 497 U.S. 871, 889 (1990)).

Second, Plaintiff's Complaint asserts that Plaintiff could not access portions of the facility "because portions were not designed and constructed in accordance with the ADA." This allegation is sufficient to show that the injury is traceable to the activity of the Defendant. Third, it is likely that the injury will be redressed by a favorable decision since the relief sought is injunctive. Finally, Plaintiff has indicated that he "intends to visit the facility again in the near future." This language has been held to be sufficient to allege a real and immediate threat of future injury in a complaint. Stevens v. Premier Cruises, Inc., 215 F.3d 1237, 1239 (11th Cir. 2000).

Consequently, Plaintiff's Complaint is sufficient to allege standing in this action.

It is therefore ORDERED AND ADJUDGED that

1. Defendant's Motion to Dismiss (Dkt. #5) is **DENIED**.

2. Defendant shall have twenty (20) days from the date of this Order to respond.

**DONE** and **ORDERED** in Tampa, Florida on June 21, 2005.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\PDF TEMP FILE\05-cv-613.order.wpd