**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**JOHNNY LONG,**

      **Plaintiff,**

**v.**                                              **Case No. 8:05-cv-613-T-30TBM**

**MORTON PLANT HOSPITAL**
**ASSOCIATION, INC.,**

      **Defendant.**
_____/

**O R D E R**

THIS MATTER is before the court on the following motions:

(1) **Defendant's Motion to Compel** (Doc. 13), Plaintiff's response (Doc. 16), and Plaintiff's Notice of Filing Certified Supplemental Response to Defendant's First Set of Interrogatories (Doc. 17); and

(2) **Plaintiff's Motion to Compel Responses to Plaintiff's First Set of Interrogatories** (Doc. 18), **Plaintiff's Motion to Compel Full and Complete Responses to Plaintiff's Request for Production** (Doc. 19), and Defendant's responses (Doc. 24).

A hearing was conducted on November 15, 2005.

Upon consideration, the **Defendant's Motion to Compel** (Doc. 13) is **GRANTED in part** and **DENIED in part** as set forth herein. Insofar as the motion seeks documents responsive to Defendant's Request for Production, the motion is granted as to Request Nos. 1, 2, 3, and 4. The motion is denied, at present, as to Request Nos. 5, 7, 8, 9, 11, and 12.[1]

---

[1]Request Nos. 5 and 7 are premature. If appropriate, those requests may be revisited later in the litigation. Regarding Request Nos. 8, 9, and 11, Defendant assumes that Thomas J. Ricci is a testifying expert for the Plaintiff. In his supplemental response, Plaintiff identifies Mr. Ricci as a consulting expert. The disclosure requirements set forth in Rule

Insofar as the motion seeks more complete answers to interrogatories propounded in Defendant's First Set of Interrogatories, the court notes that Plaintiff has filed a supplemental response to these interrogatories.  See (Doc. 17).  By his supplemental answer to Interrogatory No. 8, Plaintiff provides a general, somewhat rambling recitation to identify the times he has been at the hospital, the locations he visited, and the unlawful barriers to his access.  Plaintiff also relies on this supplemental answer to respond to Interrogatory Nos. 9-14, and 18.[2]

As indicated at the hearing, the court presently construes Plaintiff's Complaint to allege violations of the ADA in a single (unspecified, but now identified) parking garage and "patient rooms" at the facility.  See Compl. (Doc. 1 at ¶¶17-18).  Plaintiff does not better identify or explain what he means by this term.  By the court's construction, Plaintiff complains of the access in those rooms where patients are placed when hospitalized for in-patient care and treatment.  Although there are multiple buildings on the Morton Plant campus, only four of the buildings are used for in-patient, hospitalized patients.  Defendant identifies such buildings as the Adler, Robling, Whitt, and Barnard buildings.  The Adler building houses psychiatric patients and obstetric patients.  At this time, because Plaintiff is unable to better articulate his complaint, the court construes the suit for purposes of discovery to involve only the Robling, Whitt, and Barnard buildings.

---

26(a)(2) pertain only to witnesses who are retained or are specially employed to provide expert testimony in the case.  At present, because it appears that the witness is only a consulting expert, the requests for production are denied.  If the court is incorrect in this assumption, it should be so advised so that it may reconsider the matter.  Should it develop that the witness is identified as an expert witness for trial purposes, than Plaintiff shall make the appropriate disclosures pursuant to Rule 26 and Defendant may initiate appropriate discovery.

[2]At the hearing, counsel for the Defendant conceded that the "new parking garage" at issue has been identified.  No further response to Interrogatory No. 15 is needed.

The court also finds the scope of discovery in the suit, at present, limited as set forth in the supplemental response to Interrogatory No. 8. There, Plaintiff described the barriers to access and ADA violations as:

> . . . the patient rooms and restrooms were inaccessible. Additionally, Plaintiff experienced problems with the patient beds and/or examination tables that were inaccessible, the public use/common restrooms which were inaccessible, the patient room restrooms which were inaccessible, the shower facilities which were inaccessible, the counter heights in various areas of the facility which were too high, doors at the Facility which were too heavy and/or had inaccessible door hardware, and the lack of accommodation made to him by the hospital staff which were poorly trained . . . .[3]

(Doc. 17, Attach. at 12).

Given the court's limiting construction of the Plaintiff's Complaint, I find the responses adequate at present and will not require any additional response until after the Plaintiff's expert has investigated the premises as I have defined them. Should Plaintiff wish to expand his lawsuit, he should do so by filing an amended complaint that better articulates the particular facilities about which he complains and the barriers to access of which he protests.

**Plaintiff's Motion to Compel Responses to Plaintiff's First Set of Interrogatories** (Doc. 18) is **GRANTED in part** and **DENIED in part**. Initially, I find the temporal scope of the interrogatories overbroad. As suggested by Plaintiff's supplemental response to Interrogatory No. 8, his first contact with the hospital was in or about 2001.

---

[3] The response also complains about access to the parking garage, which the parties have now identified and for which discovery appears to be progressing. The response also complains of access to the hospital shuttle, a matter not raised in the Complaint and thus not within the scope of discovery at this time.

3

Inquiries dating back to 1993 simply have no bearing in relation to Plaintiff's Complaint. Accordingly, unless the circumstances of the particular inquiry require a broader temporal scope, the discovery shall cover the period from January 2001 to the present.  Regarding Interrogatory No. 1, which seeks to identify the owner(s), operator(s), lessee(s), and lessor(s) of the facility, the motion is granted as the interrogatory relates to the Robling, Whitt, and Barnard buildings and the parking garage at issue.  Regarding Interrogatory Nos. 2 and 3, the Defendant shall respond to each interrogatory as it relates to the Robling, Whitt, and Barnard buildings and the parking garage at issue and to the barriers identified in Plaintiff's supplemental response to Interrogatory No. 8.  For reasons more thoroughly addressed at the hearing, the court denies, without prejudice, the motion as to Interrogatory Nos. 4-19 as they seek detailed financial information about the Defendant.  I find the interrogatories overbroad and the inquiry premature given that Plaintiff has not yet inspected the facility or provided to the Defendant an expert report concerning necessary remedial alterations or changes.  In these circumstances, I find it appropriate that Plaintiff defers this line of inquiry until after the production of his expert's report.  At that time, a <u>reasonable</u> number of inquiries related to the financial condition of the Defendant from the period of 2001 to the present may be propounded and shall be responded to by the Defendant.  Regarding Interrogatory Nos. 20-22, the motion is granted to the extent that the Defendant shall identify any and all renovations or remedial efforts taken by it to assure compliance with the ADA since 2001 at the Robling, Whitt, and Barnard buildings and the parking lot at issue.

**Plaintiff's Motion to Compel Full and Complete Responses to Plaintiff's Request for Production** (Doc. 19) is **GRANTED in part** and **DENIED in part**.  On their

face, almost all of the requests are overbroad. However, to the extent I have limited the scope of the relevant inquiry above, Defendant shall respond to Request Nos. 2, 3, 9, and 11.[4] And, as so limited, Defendant also shall respond to Request Nos. 14, 16, 18, 19, 20, 22, 23, and 25.

Production required hereunder shall be made within twenty (20) days of the date of this Order. To the extent a motion is not granted herein, it is denied.

As addressed at the hearing, the deadline for fact discovery in this case is extended sixty (60) days.

**Done and Ordered** in Tampa, Florida, this 18th day of November 2005.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record

---

[4]As an alternative to providing "all documents" (which is clearly overbroad) establishing who owns, operates and leases the pertinent buildings, the nature of the business conducted there, and the pertinent corporate structure, Defendant may provide a sworn statement in the nature of an interrogatory response to satisfy this inquiry.

5