UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**JOHNNY LONG,**

    **Plaintiff,**

**v.**    Case No. 8:05-cv-613-T-30TBM

**MORTON PLANT HOSPITAL
ASSOCIATION, INC.,**

    **Defendant.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Verified Application for Attorneys' and Expert's Fees, Litigation Expenses and Costs (Dkt. 72), Defendant's Response in Opposition to Plaintiff's Verified Application for Attorneys' and Expert's Fees (Dkt. 75) and hearing on the same.

During the hearing, Defendant, for the first time, raised the issue of Plaintiff counsel's standing to pursue Plaintiff's attorney's fee claim. In support of this argument, Defense counsel cited an Eleventh Circuit case, Panola Land Buying Company v. Clark, 844 F.2d 1506 (11th Cir. 1988), arguing that because the statutory language of the Americans with Disabilities Act (ADA) does not provide an attorney the ability to assert an individual claim for attorney's fees, Plaintiff's attorney lacks standing to assert his claim. See Panola Land Buying Company, 844 F.2d at 1511. This Court provided Plaintiff's counsel ten (10) days

from the date of the hearing to file case law supporting his ability to assert a claim for attorney's fees. Plaintiff's counsel, however, failed to submit any contrary case law.

In <u>Panola Land Buying</u>, the Eleventh Circuit found that while the statutory language in the Equal Access to Justice Act (EAJA) permitted a prevailing party to recover attorney's fees, it did not give such a right to the prevailing party's attorney. <u>Id.</u> at 1510-1511. Similarly, the ADA provides a prevailing party the right to recover attorney's fees, <u>See</u> 42 U.S.C. §12205 (2005), and is silent as to an attorney's right to recovery. Absent such language, this Court finds Plaintiff's attorney lacks standing to pursue a claim for attorney's fees.

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiff's Verified Application for Attorneys' and Expert's Fees, Litigation Expenses and Costs (Dkt. 72) is **DENIED**.

2. All pending motions are denied as moot.

3. The Clerk is directed to close this case.

**DONE** and **ORDERED** in Tampa, Florida on March 6, 2007.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2005\05-cv-613 Motion for Attorneys Fees.frm